J-S76022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTINA L. PILEWSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY L. LEMON | |
| Appellant | No. 952 WDA 2014 |

Appeal from the Order May 13, 2014
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS200301197

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.          **FILED FEBRUARY 11, 2015**

Appellant, Gary L. Lemon, appeals from the order entered by the Honorable Elizabeth K. Kelly, Court of Common Pleas of Erie County, which denied his petition to modify an existing child support order, finding that he did not meet his burden to establish that he attempted to mitigate his lost income after his termination for cause.  We affirm.

Father has a 28-year-old disabled son to whom he is under an obligation to provide monthly support.  Father worked as a track inspector for CSX Corporation for many years.  On March 25, 2013, CSX terminated Father's employment for cause.  In April 2013, Father moved to decrease his monthly child support obligation based on his job loss.  After a hearing, the trial court issued an order assessing Father's monthly net income for support

purposes at $5,283.72 and keeping the monthly support obligation at $804.16, plus arrears.

On December 24, 2013, Father filed another petition seeking modification of his child support obligation, reasoning that he was employed in a minimum wage, part-time position and that he had gone to jail for a period of eight months[1] (a result of a DUI conviction). Following a support conference, an interim order was entered assessing Father's monthly income at $4,938.84 per month and keeping the monthly support obligation at $804.16, plus arrears. Father filed a demand for a *de novo* hearing. The trial court held a hearing at which time it permitted Father to argue once again his termination for cause as the primary reason to reduce his assessed earning capacity and his monthly support obligation. After the hearing, the trial court entered an order making the interim order final. This timely appeal followed.

On appeal, Father argues that the trial court erred in finding that he did not meet his burden to establish that he attempted to mitigate his lost income and, as a result, incorrectly assessed his earned income.

We review the propriety of a support order for an abuse of discretion. *See Ewing v. Ewing*, 843 A.2d 1282, 1285 (Pa. Super. 2004).

_____

[1] Courts will not reward criminal behavior by modifying an existing support order because of imprisonment. *See Novinger v. Smith*, 880 A.2d 1255, 1257 (Pa. Super. 2005).

"[W]here a parent is fired for cause, in order for the court to consider reducing the parent's child support obligation under Rule 1910.16-2(d)(1), the parent must establish that he or she attempted to mitigate lost income." *Id*., at 1288. A panel of this Court has explained the assessment of earning capacity:

Pa.R.C.P. 1910.16–2(d) provides:

**(d) Reduced or Fluctuating Income.**

(1) *Voluntary Reduction of Income.* When either party voluntarily assumes a lower paying job, quits a job, leaves employment, changes occupations or changes employment status to pursue an education, or is fired for cause, there generally will be no effect on the support obligation.

....

(4) *Earning Capacity.* Ordinarily, either party to a support action who willfully fails to obtain appropriate employment will be considered to have an income equal to the party's earning capacity. Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity.

Under Rule 1910.16–2(d)(1), if a party voluntarily accepts a lower paying job, there generally will be no effect on the support obligation. A party may not voluntarily reduce his or her income in an attempt to circumvent his support obligation. Where a parent is fired for cause, however, the court can consider reducing the parent's child support obligation under Rule 1910.16(2)(d)(1) if the parent establishes that he or she attempted to mitigate lost income.

***Grigoruk v. Grigoruk***, 912 A.2d 311, 313 (Pa. Super. 2006) (internal case citations omitted).

At the hearing, Father testified that he has attempted to secure other employment "numerous times" and offered into evidence a handwritten sheet with twenty employers' names, some with the type of position applied for, and the date of application. N.T., Hearing, 5/12/14, at 7; Exhibit "A." Only one was with a railroad. Father applied for jobs in August, September, and December 2013 and in February, March, and April of 2014. Father described the list as

> a copy that I made that – of the different searches I've done, different on-line applications I've done, a couple different job fairs I've gone to. Just every attempt. There's probably some more in there that I don't have that I, you know, just plain forgot, because I wasn't documenting it at the time.

N.T., Hearing, 5/12/14, at 7. Father provided no further detail as to his job search.

The trial court found that Father did not meet his burden of establishing that he attempted to mitigate his lost income. The trial court explains as follows:

> Prior to his termination, Father, for more than 36 years, worked a full-time job as a foreman at a company where he made $29.01 per hour, plus overtime. Now, he does janitorial work for twelve and a half hours each week, making only $7.25 per hour. Father indicated that he is pursuing full-time employment opportunities. Specifically, he testified to doing numerous searches, submitting on-line applications, and attending job fairs. In support of his testimony, he submitted a hand-written document listing 20 items purportedly showing his efforts. The [c]ourt questions, however, the sincerity of Father's efforts. Father's employment search list does nothing more than provide the court with company names, a few of which include job titles for which Father presumably applied. The list does not, for the most part, detail the type of employment sought, list the salaries

- 4 -

for the positions, or even whether or not the employers actually had open positions for which father was qualified. … Accordingly, Father did not sufficiently satisfy his burden of establishing that a reduction is warranted based on his efforts to mitigate the lost income.

Trial Court Opinion, 8/7/14, at 6-7.

Based on the handwritten exhibit and the rather scant testimony provided by Father we cannot find that the trial court abused its discretion. Only eleven of the jobs listed in the exhibit have positions identified; the remaining simply have the names of companies. Father applied to only one railroad.[2] As the trial court notes in its opinion, we have no concrete information about the positions or the salaries. Father had the opportunity to provide the trial court with this information at the hearing, but, for whatever reason, failed to elaborate on his job search. **Compare Baehr v. Baehr**, 889 A.2d 1240 (Pa. Super. 2005) (finding father did not make a reasonable effort to find employment commensurate with his ability where his job search consisted of simply contacting various companies to inquire about employment opportunities and posting his resume on Monster.com.), **with Grigoruk** (finding mother acted responsibly and in good faith to

_____

[2] In his brief, Father makes much of the fact that he lost his driver's license and how that effectively forecloses his working for a railroad as a track inspector. **See** Appellant's Brief, at 5-6. It was simply noted at the hearing that he lost his license; Father did not offer any explanation about how that affected his job search.

mitigate her earning loss where she conducted, albeit unsuccessfully, a six month job search for positions exclusively within her experience level).

Essentially, the trial court did not believe Father's testimony. We cannot disturb this finding. **See Doherty v. Doherty**, 859 A.2d 811, (Pa. Super. 2004) ("[A] reviewing court does not weigh the evidence or determine credibility as these are functions of the trial court.").

There is no bar to Father filing at some future date another petition seeking a modification of his earning capacity and monthly support obligation. "The person should not have to pay forever for losing employment. At some point, the courts should take another look at his or her true earning capacity." **Novinger v. Smith**, 880 A.2d 1255, 1257 (Pa. Super. 2005). Here, Father filed the instant petition 275 days after his termination and woefully failed to meet his burden that he attempted to mitigate his lost income.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015